1  COMPLAINT BY A PRISONER UNDER THE CIVIL RIGHTS ACT, 42 U.S.C. § 1983

2  Name:  __Williams_____Paul_____

3         (Last)                    (First)              (Middle Initial)

4  Prisoner Number:  __CDCR# AF-4060_____

5  Institutional Address: _F-Wing-223-Low/P.O. BOX 689, Soledad, CA._

6         __93960-0689_____

7

8                    UNITED STATES DISTRICT COURT

9                   NORTHERN DISTRICT OF CALIFORNIA

10 _Paul Williams, et al.,_____
   (Enter your full name.)

11

12              vs.                           Case No. _____
                                              (Provided by the clerk upon filing)
13 _M.Daguio, et al.,_____
                                              COMPLAINT UNDER THE
14 _____                CIVIL RIGHTS ACT,
                                              42 U.S.C. § 1983
15 (Enter the full name(s) of the defendant(s) in this action.)     JURY TRIAL DEMAND

16

17 **I. Exhaustion of Administrative Remedies.**

18 _Note:_ _You must exhaust available administrative remedies before your claim can go_
   _forward. The court will dismiss any unexhausted claims._
19

20 A.   Place of present confinement _CTF-Central, Soledad, CA._____

21 B.   Is there a grievance procedure in this institution?   YES ☒   NO ☐

22 C.   If so, did you present the facts in your complaint for review through the grievance

23      procedure?   YES ☒   NO ☐

24 D.   If your answer is YES, list the appeal number and the date and result of the appeal at each

25      level of review. If you did not pursue any available level of appeal, explain why.

26           1. Informal appeal: _____

27      _____

28      _____

PRISONER COMPLAINT (rev. 8/2015)
Page 1 of 3

2. First formal level: __BYPASSED__

3. Second formal level: Second Level of Review issued a response that Defendant M.Daguio "DID" violate CDCR Policies.

4. Third formal level: Third Level of Review was denied as they agreed with the Second Level Response.

E.  Is the last level to which you appealed the highest level of appeal available to you?

YES ☒    NO ☐

F.  If you did not present your claim for review through the grievance procedure, explain why.

N/A

## II.  Parties.

A.  Write your name and present address.  Do the same for additional plaintiffs, if any.

Paul Williams, CDCR# AF-4060

CTF-Central, F-Wing-223-Low, P.O. BOX 689

Soledad, California 93960

B.  For each defendant, provide full name, official position and place of employment.

M.Daguio is a Correctional Officer employed at CTF-Central,

Hwy. 101 North, P.O. BOX 686, Soledad, California 93960.

PRISONER COMPLAINT (rev. 8/2015)
*Page 2 of 3*

## III. Statement of Claim.

State briefly the facts of your case. Be sure to describe how each defendant is involved and to include dates, when possible. Do not give any legal arguments or cite any cases or statutes. If you have more than one claim, each claim should be set forth in a separate numbered paragraph.

SEE ATTACHED COMPLAINT

## IV. Relief.

Your complaint must include a request for specific relief. State briefly exactly what you want the court to do for you. Do not make legal arguments and do not cite any cases or statutes.

PLAINTIFF requests Declaratory and Injunctive Relief. Plaintiff also requests Compensatory, Exemplary, Mental Anguish, Nominal, Punitive, Economic, Medical related, and other Damages including Attorney Fees and Appointment of Counsel.

I DECLARE UNDER PENALTY OF PERJURY THAT THE FOREGOING IS TRUE AND CORRECT.

Executed on: 6-1-2020
                Date

_____
Signature of Plaintiff

PRISONER COMPLAINT (rev. 8/2015)
Page 3 of 3

1

2                     MAGISTRATE JUDGE JURISDICTION

3        Please indicate below by checking one of the two boxes whether you choose to consent or
     decline to consent to magistrate judge jurisdiction in this matter. Sign this form below your
4    selection.

5        ☒    Consent to Magistrate Judge Jurisdiction

6        In accordance with the provisions of 28 U.S.C. § 636(c), I voluntarily consent to have a
     United States magistrate judge conduct all further proceedings in this case, including trial and
7    entry of final judgment.

                    OR
8

9        ☐    Decline Magistrate Judge Jurisdiction

10       In accordance with the provisions of 28 U.S.C. § 636(c), I decline to have a United States
     magistrate judge conduct all further proceedings in this case, including trial and entry of final
11   judgment.

12   Signed this 1 day of JUNE , 20 20

13

14                                                      _____
                                                            (Plaintiff's signature)
15

16

17

18

19

20

21

22

23

24

25

26

27

28


     COMPLAINT

1  Paul Williams CDCR# AF-4060

2  F-Wing/cell# 223L

3  P.O. BOX 689

4  Soledad, CA. 93960

5

6  Plaintiff, In Pro Se

7

8                    United States District Court

9                  Northern District of California

10

11  Paul Williams,                          Case No.
                    Plaintiff,
12

13                                          COMPLAINT
        v.
14                                          Violation of 42 U.S.C. 1983

15

16  M.Daguio, et al.,                       [Demand for Jury Trial]
                    Defendant.
17                                        /

18

19                              I.

20                          JURISDICTION

21     1. This Court has jurisdiction pursuant to Title 28 U.S.C. 1331,

22  1343, and 1367. The named-Defendant is the person who violated Plain-

23  tiff's state and federal Constitutional rights. Prison personnel who

24  was deliberately indifferent and disregared substantial risks to Plain-

25  tiff's health and who deliberately retaliates against a prisoner for

26  taking part in protected conduct, violates the First and Eighth Amend-

27  ment. Plaintiff also seeks declaratory judgment pursuant to 28 U.S.C.

28  2201.

## II.

### VENUE

2. Venue is proper in this Court pursuant to Title 28 U.S.C. 1391(b)(2), as a substantial part of the events or omissions giving rise to the claims made herein occurred in this judicial district.

## III.

### PARTIES

3. Plaintiff, Paul Williams (hereinafter, "Plaintiff"), was at all times relevant to this action a prisoner confined in the California Department of Corrections and Rehabilitation ("CDCR"), and is currently confined at the Correctional Training Facility ("CTF"), in Soledad, California.

4. Defendant M.Daguio (hereinafter, "Daguio"), was at all times relevant to this action a Prison Guard employed with the CDCR and was a state actor (acting under color of law). Daguio is legally responsible for ensuring compliance with state and federal laws as it pertains to rendering and/or summons medical treatment to prisoners who are in immediate distress. Daguio knowingly, unlawfully, and with specific intent and evil motive, violated Plaintiff's rights by retaliating against him for taking part in protected conduct, and by deliberately disregarding substantial risks to Plaintiff's health and safety, causing excruciating pain, suffering, and mental anguish. Daguio is personally responsible for the physical, psychological, and Constitutional injuries sustained. Daguio is being sued in his individual and official

2

capacities.

IV.

FACTUAL ALLEGATIONS

5. Plaintiff realleges and incorporates the information and facts in paragraphs 1 through 4 as though they were stated fully herein.

6. Plaintiff, on October 23, 2019, after suffering many days prior of excruciating pain, severe weakness and lack of appetite, asked an inmate porter, in the F-Wing Housing Unit, to go call the F-Wing Housing Unit Officers C/O M.Daguio and C/O A.Turingan, because Plaintiff was having a medical emergency, as Plaintiff felt he was about to past out.

7. After twenty (20) minutes past, with no one responding, feeling dizzy and bleeding from the nose, plaintiff fell to his cell floor and started kicking the cell's door in an effort to alert the F-Wing Housing Unit staff. Daguio then showed up to Plaintiff's cell and immediately shouted at Plaintiff, "what the fuck is wrong with you, why the fuck you're kicking on my door like that!"

8. Plaintiff explained to Daguio that he (Plaintiff) was in severe pain and needed medical assistance, as Daguio observed Plaintiff Bleeding from the nose.

9. Daguio, observing Plaintiff in obvious pain, bleeding from the nose, and in distress, declined to radio for emergency medical assist-

ance for Plaintiff and stated to Plaintiff, "take your ass to medical and don't you ever kick this fucking door again!"

10. Plaintiff was forced to walk and at times crawl about hundred (100) yards from his cell to the nearest prison's medical facility, while enduring extreme pain, in violation of CDCR's own policies and the Eighth Amendment.

11. Plaintiff was rendered medical care by the prison's medical staff and was diagnosed with "pneumonia" like symptoms.

12. Plaintiff returned to the F-Wing Housing Unit on October 24, 2019, from the prison's medical facility, still feeling weak and dis-oriented, with a "Lay-In" order from the prison's medical staff.

13. Plaintiff asked Daguio to allow him (Plaintiff) to be secure in his cell as he (Plaintiff) was given specific instructions from the prison's medical staff to stay in the cell for the duration of the medical "Lay-In" order.

14. Daguio stated to Plaintiff, "No, I didn't like that bullshit you did yesterday!"

15. Plaintiff immediately informed Daguio that he (Plaintiff) would be submitting a CDCR-602 against him (Daguio) for not doing his job.

16. Daguio responded to Plaintiff by saying, "Ima show you how you

4

write someone up!" Daguio then pressed his Panic Activation Device (PAD), which made additional custody staff respond to the F-Wing Housing Unit, further delaying Plaintiff from accessing his cell per the medical "Lay In" order.

17. On October 29, 2019, Plaintiff filed a CDCR-602 against Daguio alleging: (1) Deliberate Indifference to Medical Need; and, (2) Retaliation for taking part in protected conduct. See Exhibit "A" [Appeal Log# CTF-S-19-03700]

18. On December 10, 2019, prison officials issued a Staff Complaint Response indicating Daguio "DID" violate CDCR policies with respect to the issues raised in Plaintiff's Staff Complaint.

19. As a direct result of Daguio's deliberate sadistic act, Plaintiff endured wanton and unnecessary excruciating pain and suffering, and permanent emotional and psychological injuries.

20. Daguio's actions and/or omissions were and continue to be wanton, reckless, deliberate, retaliatory, and a total disregard for the rights of Plaintiff.

### V.

### CAUSES OF ACTION

Count 1

Defendant DAGUIO was deliberately indifferent and disregarded substantial risks to PLAINTIFF'S health and safety when he

deliberately, sadistically and with evil motive failed to render and/or summons emergency medical assistance for Plaintiff, causing wanton and unnecessary excruciating pain and suffering.

21. Plaintiff realleges and incorporates the information and facts in paragraphs 1 through 20 above as though they were stated fully herein.

22. Daguio purposefully, sadistically and with evil motive failed to render and/or summons emergency medical assistance for Plaintiff, causing severe pain and suffering because of his animus towards Plaintiff.

23. Daguio knew that by not rendering and/or summons emergency medical assistance for Plaintiff, on October 23, 2019, he would cause Plaintiff pain and suffering, but disregarded that substantial risk to Plaintiff's health, after he (Daguio) personally observed Plaintiff bleeding from the nose and in distress on October 23, 2019.

## Count 2

Defendant DAGUIO deliberately retaliated against PLAINTIFF because he took part in protected conduct.

24. Plaintiff realleges and incorporates the information and facts in paragraphs 1 through 23 above as though they were stated fully herein.

25. Daguio implemented a "Chilling Effect" on Plaintiff and sought to dissuade Plaintiff from utilizing the established Appeal System.

26. Daguio's actions were and continue to be intentional, willful, malicious, retaliatory and done with reckless disregard to the rights of Plaintiff.

## Count 3

Plaintiff sustained physical and psychological injuries that are more than de minimis and permanent.

27. Plaintiff realleges and incorporates the information and facts in paragraphs 1 through 26 above as though they were stated fully herein.

28. Plaintiff was diagnosis with "pneumonia". His injuries were exacerbated as a direct result of Daguio's sadistic act - causing wanton and unnecessary excruciating pain, suffering, and psychological trama.

## VI.

### DECLARATORY RELIEF ALLEGATION

29. Plaintiff incorporates paragraphs 1 through 28 as though they were fully stated herein.

30. A present and actual controversy exist between Plaintiff and

the herein named-Defendant concerning their rights and respective duties. Plaintiff alleges that the named-Defendant had violated his First and Eighth Amendment rights. Plaintiff is informed and believes, and thereon alleges, that the named-Defendant denies these allegations. Declaratory relief is therefore necessary and appropriate.

## INJUNCTIVE RELIEF ALLEGATIONS

31. Plaintiff incorporates paragraphs 1 through 30 as though they were fully stated herein.

32. No plain adequate or complete remedy at law is available to Plaintiff to redress the wrongs alleged herein. If the Court does not grant the injunctive relief sought, Plaintiff will be irreparably harmed.

## PRAYER FOR RELIEF

1. For an order enjoining the named-Defendant from engaging in the unlawful conduct alleged in the Complaint.

2. For an order granting other injunctive relief as may be appropriate.

3. For an order granting declaratory relief as may be appropriate.

4. Compensatory damages in the amount of one-hundred thousand dollars ($100,000.00) from the Defendant for the physical injuries and suffering sustained.

5. Exemplary damages in the amount of one-hundred thousand dollars ($100,000.00) from the Defendant to Plaintiff as an enhancement of compensatory damages because of the maliciousness, wanton, reckless, and oppressive character of the acts described herein, and to punish and deter other state employees acting under color of law from committing these and similar acts.

6. Mental Anguish damages in the amount of one-hundred thousand dollars ($100,000.00) from the Defendant to Plaintiff for mental suffering resulting from excruciating pain.

7. Nominal damages in the amount of one-hundred thousand dollars ($100,000.00) from the Defendant to Plaintiff which he is entitled to because the law may infer the damages from the breach of an agreement or the invasion of a Constitutional Right in light of the facts described herein.

8. Punitive damages in the amount of one-hundred thousand dollars ($100,000.00) from the Defendant to Plaintiff as an enhancement of compensatory damages because of the maliciousness, wanton, reckless, and oppressive character of the acts described herein, and to punish and deter other state employees acting under color of law from committing these or similar acts.

9. Appointment of Counsel as Plaintiff is a lay-person and unskilled at law and compelled to seek the assistance from fellow prisoners, who are also lay-person and unskilled at law, in drafting and presenting this Complaint in this Court.

10. Economic and non-economic damages.

11. Medical and related expenses, according to proof.

12. Lost earnings, past and future.

13. Costs of suits incurred herein.

14. Interest, as allowed by law.

15. Attorney's fees and costs.

16. An order directing the U.S. Marshal to serve the named-Defendant including waiver of any and all processing/service fees.

17. Any other such and further relief as the Court may deem proper.

Respectfully submitted,

Dated: **6-1-2020**                    /s/ _____

Plaintiff, In Pro Se

## <u>V E R I F I C A T I O N</u>  (VERIFIED COMPLAINT)

Being competent to make this declaration and having personal knowledge of the statements and allegations made in this lawsuit, I, Paul Williams, declare under penalty of perjury pursuant to 28 U.S.C. §1746 that all statements and allegations made herein are true and correct to the best of my knowledge, information and belief.

Executed this ___1___ day of _June_, 2020 at Correctional Training Facility, Monterey County, Soledad California.

Dated: _6-1-2020_

Respectfully submitted,

By _____

# EXHIBIT COVER PAGE:

Exhibit: _____"A"_____

Description of this exhibit:Plaintiff's CDCR-602 Appeal Log# CTF-S-19-03700 alleging: (1) Deliberate Indifference to Medical Need; and, (2) Retaliation for taking part in protected conduct, for which prison officials issued a Staff Complaint Response indicating Daguio "DID" violate CDCR policies with respect to the issues raised in the Staff Complaint
Number of pages of this exhibit: ___7___ pages

JURISDICTION:  (Check only one)

_____Municipal Court

_____Superior Court

_____Appellate Court

_____State Supreme Court

__X__ United States District Court

_____United States Circuit Court

_____United States Supreme Court

_____California Department of Corrections, 602 Exhibit.

_____Other:_____

STATE OF CALIFORNIA — DEPARTMENT OF CORRECTIONS AND REHABILITATION                                    GAVIN NEWSOM, GOVERNOR

**OFFICE OF APPEALS**
P.O. BOX 942883
SACRAMENTO, CA 94283-0001



## OFFICE OF APPEALS (THIRD LEVEL) DECISION

Date: MAR 18 2020

In re:    Paul Williams, AF4060                    TLR Case No.: 1915981        Local Log No.: CTF-19-03700
          Correctional Training Facility (CTF)

### I.  ISSUE ON APPEAL:

Appellant alleges on October 23, 2019, he asked the Porter to call an officer due to a medical emergency. Appellant alleges after 20 minutes he started kicking the cell door in an effort to alert staff. Appellant alleges Correctional Officer (CO) M. Daguio showed up at his cell door and stated, "What the fuck is wrong with you, why the fuck you kicking on my door like that?" Appellant alleges CO Daguio sent him to medical and stated, "Take your ass to medical and don't you ever kick this fucking door again." Appellant alleges the next day (October 24, 2019) he attempted to get back into his cell but CO Daguio refused to let him in his cell stating, "I don't like the bullshit you did yesterday." Appellant contends he told CO Daguio he was going to write him up for not doing his job and CO Daguio pressed his personal alarm which caused additional staff to respond.

### II.  RULES AND REFERENCES:

#### A.  CONTROLLING AUTHORITY:

- California Penal Code Section 832.7 and 832.8
- California Code of Regulations, Title 15, (CCR) Section 3084.9 and 3391
- Department Operations Manual (DOM), Section 33030.3.1 and 54100.25

#### B.  DOCUMENTS CONSIDERED:

- CDCR 602 Appeal Form Log No.: CTF-19-03700
- Confidential Supplement Attachment "C" to Appeal CTF-19-03700
- CDCR 1858, Rights and Responsibility Statement dated October 29, 2019

### III. REASONING AND DECISION: DENIED

The allegation of staff misconduct presented in the written complaint was reviewed and completed at the institution (CTF). The inquiry included a review of the evidence, an evaluation of any interview conducted and a review of current laws, policies and procedures. The appellant was informed that all staff personnel matters are confidential in nature. The inquiry was completed and it was found that staff **did** violate policy with respect to one or more of the issues appealed. The appeal was partially granted in that an inquiry was completed and has been reviewed by the Hiring Authority. The Office of Appeals Examiner reviewed the confidential inquiry (Attachment C) dated December 10, 2019, and concurs with the institution's determination. The institution's response complies with departmental policy and the appellant's staff complaint allegation was properly addressed.

After a thorough review of all documents and evidence available at the time of this written decision, it is the order of the Office of Appeals that the appeal at the Third Level of Review is **DENIED**. This decision exhausts the administrative remedies available to the appellant with CDCR.

Paul Williams  AF4060
Page 2 of 2


**IV. REMEDY:** Your appeal has been denied, therefore there is no applicable remedy.


W. SINKOVICH, Appeals Examiner
Office of Appeals
cc:     Warden, CTF
            Grievance Coordinator, CTF

# Memorandum

Date:    December 10, 2019

To:      WILLIAMS AF4060
         CTF, FAC C, F-Wing 223L

Subject: **STAFF COMPLAINT RESPONSE - APPEAL # CTF-S-19-03700 SECOND LEVEL RESPONSE**

**APPEAL ISSUE:** Appellant states on October 23, 2019, at 0730 hours he asked a Porter to call an officer due to a medical emergency. Alleges after 20 minutes he started kicking the door in effort to alert staff. Claims Officer M. Daguio showed up to his cell and stated, "What the fuck is wrong with you, why the fuck you kicking on my door like that." Alleges Officer M. Daguio sent him to medical and stated, "Take your ass to medical and don't you ever kick this fucking door again."

Appellant alleges the next day, October 24, 2019, he attempted to get an unlock (go back into his cell) and Officer M. Daguio refused to let him in his cell stating, "I don't like the bullshit you did yesterday." Appellant told Officer he was going to write him up for not doing his job. Claims Officer M. Daguio pressed his personal alarm (Panic button) which made additional staff respond.

All issues unrelated to the allegation of staff misconduct must be appealed separately and will not be addressed in this response. You do not exhaust administrative remedies on any unrelated issue not covered in this response or concerning any staff member not identified by you in this complaint. If you are unable to name all involved staff you may request assistance in establishing their identity.

**DETERMINATION OF ISSUE:** A review of the allegations of staff misconduct presented in the written complaint has been completed. Based upon this review your appeal is being processed as an Appeal Inquiry.

The appellant was interviewed by CCII, R. Monroy, on December 6, 2019, at 1125 hours in a confidential setting in Correctional Training Facility (CTF), Facility C, F-Wing office. The interview was conducted with no disruption by staff or inmates.

During the interview, the appellant (WILLIAMS) was afforded the opportunity to further explain his appeal issue and to provide any supporting evidence or documents. The appellant reiterated his issue that was addressed on the appeal and stated, *"Officer Daguio has something against me. The way he acted was out of line, disrespectful. All I wanted to do was go back into my cell due to my medical lay-in."*

The appellant was informed by CCII, R. Monroy that he was interviewed in order to receive additional information and possible witnesses in order to conduct a thorough inquiry. The appellant was asked if there were any inmate witnesses that can verify the allegations made. The appellant stated, *"I do not think anyone else witnessed what had occurred. His partner Officer A. Turingan was working but I believe he was not in the area at the time of the incidents."*

Template Date 4/4/2012

Attachment E-1

Page 2

A review of the Test of Adult Basic Education (TABE) list reveals the appellant has a Reading Grade Point Level above 4.0 and/or has no physical impairment that would limit effective communication. The appellant is not a participant of the Mental Health Services Delivery System (MHSDS) at any level of care. Effective communication was accomplished by speaking slowly, using simple English. The appellant's answers and interactions with the interviewer convinced the interviewer that the appellant understood the issues of the appeal.

**Your appeal is PARTIALLY GRANTED in that:**

> ➢ The **Appeal inquiry** is complete / has been reviewed and all issues were adequately addressed.

The following witness(es) were questioned: Staff witnesses: C/O A. Turingan. Inmates witnesses: Random Inmates housed in F-Wing. The following information was reviewed as a result of your allegations of staff misconduct: CDCR 602 Inmate/Parole Appeal Log CTF-S-19-03700. Supporting documents: SOMS, ERMS, DECS

Staff: *did* ☒ *did not* ☐ violate CDCR policy with respect to one or more of the issues appealed.

ALL STAFF PERSONNEL MATTERS ARE CONFIDENTIAL IN NATURE.

- As such, the details of any inquiry will not be shared with staff, members of the public, or offender appellants.
- Although you have the right to submit a staff complaint, a request for administrative action regarding staff or the placement of documentation in a staff member's personnel file is beyond the scope of the staff complaint process. A variety of personnel actions may be initiated by the Department based upon the content of your complaint and the outcome of any investigation or inquiry conducted as a result of your complaint.
- Allegations of staff misconduct do not limit or restrict the availability of further relief via the inmate appeals process.

If you wish to appeal the decision and/or exhaust administrative remedies, you must submit your staff complaint appeal through all levels of appeal review up to, and including, the Secretary's/Third Level of Review. Once a decision has been rendered at the Third Level, administrative remedies will be considered exhausted.

Print: _Monroy R_    Sign: _____    Date: _12-10-19_
Interviewer

Print: _C Koenig_    Sign: _____    Date: _12/10/19_
Hiring Authority

Appeal Log No: CTF-S-19-03700

STATE OF CALIFORNIA
RIGHTS AND RESPONSIBILITY STATEMENT
CDCR 1858 (Rev. 10/06)

DEPARTMENT OF CORRECTIONS AND REHABILITATION

# RIGHTS AND RESPONSIBILITY STATEMENT

*The California Department of Corrections and Rehabilitation has added departmental language (shown inside brackets, in non-boldface type) for clarification purposes.*

*Pursuant to Penal Code 148.6, anyone wishing to file an allegation of misconduct by a departmental peace officer must read, sign and submit the following statement:*

YOU HAVE THE RIGHT TO MAKE A COMPLAINT AGAINST A POLICE OFFICER [this includes a departmental peace officer]   FOR ANY IMPROPER POLICE   [or peace] OFFICER CONDUCT. CALIFORNIA LAW REQUIRES THIS AGENCY TO HAVE A PROCEDURE TO INVESTIGATE CITIZENS' [or inmates'/parolees'] COMPLAINTS. YOU HAVE A RIGHT TO A WRITTEN DESCRIPTION OF THIS PROCEDURE.  THIS AGENCY MAY FIND AFTER INVESTIGATION THAT THERE IS NOT ENOUGH EVIDENCE TO WARRANT ACTION ON YOUR COMPLAINT; EVEN IF THAT IS THE CASE, YOU HAVE THE RIGHT TO MAKE THE COMPLAINT AND HAVE IT INVESTIGATED IF YOU BELIEVE AN OFFICER BEHAVED IMPROPERLY.   CITIZEN [or inmate/parolee] COMPLAINTS AND ANY REPORTS OR FINDINGS RELATING TO COMPLAINTS MUST BE RETAINED BY THIS AGENCY FOR AT LEAST FIVE YEARS.

| COMPLAINANT'S PRINTED NAME | COMPLAINANT'S SIGNATURE | DATE SIGNED | |
|---|---|---|---|
| PAUL WILLIAMS | | 10/29/19 | |
| INMATE/PAROLEE PRINTED NAME | INMATE/PAROLEE'S SIGNATURE | CDC NUMBER | DATE SIGNED |
| PAUL WILLIAMS | | AF-4060 | 10/29/19 |
| RECEIVING STAFF'S PRINTED NAME | RECEIVING STAFF'S SIGNATURE | DATE SIGNED | |
| Monroy  n | | 12-6-19 | |

DISTRIBUTION:
ORIGINAL -
Public - Institution Head/Parole Administrator
Inmate/Parolee - Attach to CDC form 602
Employee - Institution Head/Parole Administrator
COPY - Complainant

STATE OF CALIFORNIA
**INMATE/PAROLEE APPEAL**
CDCR 602 (REV. 08/09)

DEPARTMENT OF CORRECTIONS AND REHABILITATION

Side 1

REVIEWED BY THE
HIRING AUTHORITY
ON   11-5-19



1915981

AF4060

IAB USE ONLY

Institution/Parole Region:    Log #:    Category

**CTF-S-19-03700**    7

FOR STAFF USE ONLY    Staff
Complaint

Yo... ...ions and Rehabilitation (CDCR) decision, action, condition, policy or regulation that has a material adverse effect upon your welfare and for which there is no other prescribed method of departmental review/remedy available.  See California Code of Regulations, Title 15, Section (CCR) 3084.1.  You must send this appeal and any supporting documents to the Appeals Coordinator (AC) within 30 calendar days of the event that lead to the filing of this appeal.  If additional space is needed, only one CDCR Form 602-A will be accepted.  Refer to CCR 3084 for further guidance with the appeal process.  No reprisals will be taken for using the appeal process.

Appeal is subject to rejection if one row of text per line is exceeded.    WRITE, PRINT, or TYPE CLEARLY in black or blue ink.

| Name (Last, First): | | CDC Number: | Unit/Cell Number: | Assignment: |
|---|---|---|---|---|
| WILLIAMS | PAUL | AF-4060 | FW/223 | EDUCATION |

State briefly the subject of your appeal (Example: damaged TV, job removal, etc.): STAFF MISCONDUCT:
DELIBERATE INDIFFERENCE TO MEDICAL NEED & RETALIATION

A.  Explain your issue (If you need more space, use Section A of the CDCR 602-A): ON 10/23/19, AT
ABOUT 7:30 A.M., I ASKED AN INMATE PORTER TO GO CALL THE
F-WING HOUSING OFFICERS, C/O DAGUIO AND TURNEGAN BECAUSE
I+WAS HAVING A MEDICAL EMERGENCY. AFTER ABOUT 20 MINUTES
B.  Action requested (If you need more space, use Section B of the CDCR 602-A): 1. THAT C/O M.
DAGUIO DISCONTINUE HIS UNLAWFUL TREATMENT OF INMATES UN-
DER HIS DIRECT SUPERVISION, 2. THAT SUPERVISING STAFF
DISCONTINUE ENABLING C/O M.DAGUIO IN HIS RETALITORY BE-

Supporting Documents:  Refer to CCR 3084.3.
☐ Yes, I have attached supporting documents.
List supporting documents attached (e.g., CDC 1083, Inmate Property Inventory; CDC 128-G, Classification Chrono):

_____    _____

_____    _____

☒ No, I have not attached any supporting documents. Reason : MY MEDICAL DISCHARGE
DOCUMENTS WAS STOLEN BY C/O M.DAGUIO UPON MY ARRIVAL
FROM CTF-CENTRAL MEDICAL ON 10/24/19.

Inmate/Parolee Signature: _____    Date Submitted: 10/29/19

☐ By placing my initials in this box, I waive my right to receive an interview.

RECEIVED
NOV 04 2019
CTF Appeals

REC BY OOA
DEC 20 2019

C.  First Level - Staff Use Only    Staff – Check One:  Is CDCR 602-A Attached?  ☐ Yes    ☐ No
This appeal has been:
☐ Bypassed at the First Level of Review.  Go to Section E.
☐ Rejected (See attached letter for instruction)  Date: _____  Date: _____  Date: _____  Date: _____
☐ Cancelled (See attached letter)  Date: _____
☐ Accepted at the First Level of Review.

Assigned to: _____  Title: _____  Date Assigned: _____  Date Due: _____

First Level Responder:  Complete a First Level response.  Include Interviewer's name, title, interview date, location, and complete the section below.

Date of Interview: _____    Interview Location: _____

appeal issue is:  ☐ Granted    ☐ Granted in Part    ☐ Denied    ☐ Other: _____
See attached letter.  If dissatisfied with First Level response, complete Section D.

**BYPASS**

Interviewer: _____ (Print Name)  Title: _____  Signature: _____  Date completed: _____

Reviewer: _____ (Print Name)  Title: _____  Signature: _____

Date received by AC: _____

AC Use Only
Date mailed/delivered to appellant ____ / ____ / ____

STATE OF CALIFORNIA
**INMATE/PAROLEE APPEAL**
CDCR 602 (REV. 08/09)

DEPARTMENT OF CORRECTIONS AND REHABILITATION

Side 2

D. If you are dissatisfied with the **First Level** response, explain the reason below, attach supporting documents and submit to the Appeals Coordinator for processing within 30 calendar days of receipt of response.   If you need more space, use Section D of the CDCR 602-A.

BYPASS

Inmate/Parolee Signature: _____        Date Submitted : _____

**E.  Second Level - Staff Use Only**                     Staff – Check One:  Is CDCR 602-A Attached?   ☒ Yes   ☐ No

This appeal has been:
☐ By-passed at Second Level of Review.  Go to Section G.
☐ Rejected (See attached letter for instruction) Date: _____ Date: _____ Date: _____
☐ Cancelled (See attached letter)
☒ Accepted at the Second Level of Review

Assigned to: _Appeals_  Title: _AC_  Date Assigned: _11/5_  Date Due: _12/20_

Second Level Responder:  Complete a Second Level response.  If an interview at the Second Level is necessary, include interviewer's name and title, interview date and location, and complete the section below.

Date of Interview: _12.6.19_        Interview Location: _CTF, Fac C, FW_

Your appeal issue is:  ☐ Granted   ☒ Granted in Part   ☐ Denied   ☐ Other: _____

See attached letter.  If dissatisfied with Second Level response, complete Section F below.

Interviewer: _Morray R_  Title: _AC_  Signature: _____  Date completed: _12.6.19_
(Print Name)

Reviewer: _C Kern_  Title: _Warden(A)_  Signature: _____
(Print Name)

Date received by AC: _12/12/19_

AC Use Only
Date mailed/delivered to appellant _12.12.19_

F.  If you are dissatisfied with the Second Level response, explain reason below; attach supporting documents and submit by mail for Third Level Review.  It must be received within 30 calendar days of receipt of prior response.  Mail to: Chief, Inmate Appeals Branch, Department of Corrections and Rehabilitation, P.O. Box 942883, Sacramento, CA 94283-0001.  If you need more space, use Section F of the CDCR 602-A.

APPELLANT IS DISSATISFIED WITH THE SECOND LEVEL RESPONSE. THE SECOND LEVEL HAS SPECIFICALLY 'FAILED' TO INDIVIDUALLY ADDRESSED EACH OF APPEL-LANT'S ACTIONS REQUESTED IN VIOLATION OF 3084.7(H). APPELLANT NOW DE-MANDS THAT THE THIRD LEVEL STATES, "WHICH ACTIONS ARE GRANTED OR NOT GRANTED, AND THE REASONS THEREFORE."

Inmate/Parolee Signature: _____        Date Submitted: _12/15/19_

**G.  Third Level - Staff Use Only**
This appeal has been:
☐ Rejected (See attached letter for instruction) Date: _____ Date: _____ Date: _____ Date: _____
☐ Cancelled (See attached letter)    Date: _____
☒ Accepted at the Third Level of Review.  Your appeal issue is  ☐ Granted   ☐ Granted in Part   ☒ Denied   ☐ Other: _____
See attached Third Level response.

Third Level Use Only
Date mailed/delivered to appellant    MAR 19 2020

Request to Withdraw Appeal:  I request that this appeal be withdrawn from further review because; State reason. (If withdrawal is conditional, list conditions.)

_____
_____
_____

Inmate/Parolee Signature: _____        Date: _____
Print Staff Name: _____  Title: _____  Signature: _____  Date: _____

STATE OF CALIFORNIA
INMATE/PAROLEE APPEAL FORM ATTACHMENT
CDCR 602-A (08/09)

DEPARTMENT OF CORRECTIONS AND REHABILITATION

Side 1

| | IAB USE ONLY | Institution/Parole Region: | Log #: | Category: |
|---|---|---|---|---|
| 1915981 | | CTF-S-19-03700 | | 7 |
| | | | FOR STAFF USE ONLY | |

Attach this form to the CDCR 602, only if more space is needed. Only one CDCR 602-A may be used.

Appeal is subject to rejection if one row of text per line is exceeded.          WRITE, PRINT, or TYPE CLEARLY in black or blue ink.

| Name (Last, First): | CDC Number: | Unit/Cell Number: | Assignment: |
|---|---|---|---|
| WILLIAMS          PAUL | AF-4060 | FW/223 | EDUCATION |

A. Continuation of CDCR 602, Section A only (Explain your issue): WITH NO RESPONSE, FEEL-
ING DIZZY AND BLEEDING FROM THE NOSE, I FELL TO THE CELL
FLOOR AND STARTED KICKING THE DOOR IN AN EFFORT TO ALERT
STAFF. C/O DAGUIO THEN SHOWED UP TO MY CELL AND STARTED
SHOUTING,"WHAT THE FUCK IS WRONG WITH YOU, WHY THE FUCK
YOU'RE KICKING ON MY DOOR LIKE THAT." I EXPLAINED TO C/O
DAGUIO I'M IN SEVERE PAIN, I NEED MEDICAL ASSISTANCE, CAN'T
YOU SEE MY NOSE IS BLEEDING." C/O DAGUIO THEN STATED,"TAKE
YOUR ASS TO MEDICAL AND DON'T YOU EVER KICK THIS FUCKING
DOOR AGAIN!" ON 10/24/19, UPON ARRIVAL BACK FROM MEDICAL
FEELING DISORIENTED, I ASKED C/O DAGUIO CAN HE GIVE ME AN
UNLOCK TO MY CELL AS I HAD RECEIVED A LAY-IN FROM MEDICAL.
C/O DAGUIO STATED,"NO, I DON'T LIKE THAT BULLSHIT YOU DID
YESTERDAY. I IMMEDIATELY INFORMED C/O DAGUIO, I WAS GOING
TO WRITE HIM UP FOR NOT DOING HIS JOB. C/O DAGUIO RESPOND-
ED BY SAYING,"IMA SHOW YOU HOW YOU WRITE SOMEONE UP." HE
THEN PRESSED HIS PANIC BUTTON WHICH MADE ADDITIONAL STAFF
RESPONDED TO THE UNIT. I'M ALLEGING THIS ONGOING ROGUE
CONDUCT BY C/O DAGUIO IS UNCONSTITUTIONAL.

Inmate/Parolee Signature: _____     Date Submitted: 10/29/19

RECEIVED
NOV 04 2019
CTF Appeals

REC BY OOA
DEC 20 2019

B. Continuation of CDCR 602, Section B only (Action requested): havior, WHEN INMATES THREATEN TO SUB-
MIT CDCR 602s AGAINST C/O DAGUIO, 3. THAT REVIEWING STAFF STATE WHY C/O
DAGUIO WAS NOT ACCOMMODATING WHEN APPELLANT HAD A MEDICAL EMERGENCY ON
10/23/19 AND 10/24/19, 4. THAT REVIEWING STAFF STATE WHAT ARE THE POLI-
CIES GOVERNING WHAT A HOUSING UNIT OFFICER MUST DO WHEN CONFRONTED WITH
A MEDICAL EMERGENCY FROM AN INMATE, 5. THAT REVIEWING STAFF CONFIRM THAT
APPELLANT DID SEEK EMERGENCY MEDICAL ATTENTION ON 10/23/19, 6. THAT ALL
ACTIONS REQUESTED BE ADDRESSED PER 3084.7(H).

Inmate/Parolee Signature: _____     Date Submitted: _____ 10/29/19

STATE OF CALIFORNIA
INMATE/PAROLEE APPEAL FORM ATTACHMENT
CDCR 602-A (08/09)

DEPARTMENT OF CORRECTIONS AND REHABILITATION

Side 2

D.  Continuation of CDCR 602,  Section D only (Dissatisfied with First Level response): _____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

Inmate/Parolee Signature: _____  Date Submitted: _____

F.  Continuation of CDCR 602,  Section F only (Dissatisfied with Second Level response): _____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

Inmate/Parolee Signature: _____  Date Submitted: _____